IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| GARY GENE RAGAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 5:22-CV-316-H-BQ |
| | § | |
| THOMAS P. OLIVER and | § | |
| FERN M. OLIVER, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND**
**RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Proceeding pro se and *in forma pauperis*, Plaintiff Gary Gene Ragan filed this action on October 12, 2022, invoking the Court's diversity jurisdiction. *See* ECF Nos. 1, 2, 13. Because Ragan has not complied with Court orders and has failed to prosecute this case, the undersigned recommends that the United States District Judge dismiss this action under Rule 41(b) of the Federal Rules of Civil Procedure.[1]

### I.   Background

Ragan originally filed this case in the United States District Court for the Eastern District of California. ECF No. 1. Concluding that venue was not proper, the magistrate judge transferred the case to the Northern District of Texas, Fort Worth Division. *See* ECF No. 3. United States Magistrate Judge Hal R. Ray Jr. reviewed Ragan's Motion for Leave to Proceed *in Forma Pauperis* (IFP) and determined it was deficient. ECF No. 7. He ordered Ragan to cure the deficiency and, when Ragan failed to comply, entered a second order directing him to do so. ECF Nos. 7, 8. When Ragan did not respond to the second order, Judge Ray provided him a final opportunity, on

---

[1] The Honorable James Wesley Hendrix, United States District Judge, referred this case to the undersigned for pretrial management. ECF No. 15.

November 29, 2022, to cure the deficiency no later than December 6. ECF No. 9. Ragan again did not respond. So on December 8, Judge Ray entered findings and conclusions and recommended the district judge dismiss Ragan's case without prejudice for failure to comply with Court orders and failure to prosecute under Rule 41(b). ECF No. 10. Five days later, however, and within the objection period, Ragan complied with the deficiency order, prompting Judge Ray to vacate his prior findings, conclusions, and recommendation (FCR). ECF Nos. 11, 12. Judge Ray granted Ragan leave to proceed IFP and then transferred the case to this division. ECF Nos. 13, 14.

After Judge Hendrix referred the case for pretrial management (ECF No. 15), the undersigned entered an order on July 27, 2023, requiring Ragan, within thirty days from the date of the order (i.e., August 28, 2023), to complete and return a questionnaire in accordance with *Watson v. Ault*, 525 F.2d 886, 892–93 (5th Cir. 1976), thus allowing the Court to obtain additional information about the factual bases of his claims.[2] ECF No. 16. In that order, the Court admonished Ragan that his "failure to timely return the completed Questionnaire and Declaration . . . may and most probably will result in dismissal of this action." *Id.* at 1 (emphasis omitted).

Ragan did not return the questionnaire, but on September 4 (a federal holiday) he emailed the Court asking for an extension of time.[3] About twenty-four hours later, on September 5, Ragan sent another email saying, "I'm asking for a dismissing in case number 522/cv/00316 I apologize for the inconvenience [sic all]." Because Ragan improperly emailed the Court and because his intent was not clear (i.e., whether he wanted an extension or wished to voluntarily dismiss the case), the Court ordered Ragan to "file a motion clearly stating his intent" no later than September

---

[2] Because Ragan is proceeding IFP, the Court may screen his claims under 28 U.S.C. § 1915.
[3] Ragan emailed Bryant_Orders@txnd.uscourts.gov.

29, 2023. ECF No. 17. The Court directed Ragan to either electronically file the motion using PACER or to mail a paper copy. *Id.* at 2. The Court further cautioned Ragan that his failure to comply would result in a recommendation that the case be dismissed under Rule 41(b). *Id.*

Ragan did not file a motion by the September 29 deadline but again "impermissibly emailed the Court in direct contravention of the September 8 order." ECF No. 18. His email asked for a thirty-day extension to file his questionnaire responses, but because Ragan did not file a motion on the docket, the Court advised him that it would not consider the request. *Id.* The Court also admonished Ragan—for the third time—that his failure to comply with Court orders or to otherwise prosecute the case would result in a recommendation of dismissal under Rule 41(b). *Id.* at 2.

As of the date of this FCR, Ragan has not responded to the Court's questionnaire, nor has he filed a proper motion requesting additional time to complete the questionnaire.[4] In this posture, the Court can only conclude that Ragan either refuses comply with Court orders or no longer wishes to pursue his claims.

## II. Involuntary Dismissal

A court has inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to *sua sponte* dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997) (per curiam). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the

---

[4] On November 20, 2023, Ragan once again improperly emailed the Court. The entire message is contained in the subject line, so the Court cannot read the complete message. But he asks for an extension of time to submit the questionnaire. As the Court has previously advised Ragan (*see* ECF Nos. 17, 18), seeking relief through an email—instead of filing a motion on the docket—is impermissible, and the Court will not consider such requests. **As such, the Court admonishes Ragan that further emails to the Bryant_Orders inbox without prior approval by the Court will be deleted without reading by Court personnel.**

disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. at 630).

As noted above, the Court commenced its initial screening of Ragan's Complaint by requiring Ragan to complete a questionnaire. Ragan's failure to respond to the questionnaire, however, thwarts the Court's ability to further review the case. In this circumstance a court is basically at the mercy of a litigant who refuses to return the questionnaire, thereby preventing the Court from further evaluating his claims. Pro se litigants cannot hold a court's docket hostage by refusing to comply with specific orders designed to allow the court to timely and efficiently manage its docket.

Judges in this district have previously dismissed other plaintiffs' claims for failing to return the Court's questionnaires. *See, e.g., Williams v. Lubbock Cnty. Sheriff's Off.*, No. 5:17-CV-226-BQ, 2018 WL 1461738, at *2 (N.D. Tex. Feb. 15, 2018) (recommending dismissal under Rule 41(b) where plaintiff had not updated his address or returned the questionnaire), *R. & R. adopted by* 2018 WL 1461842 (N.D. Tex. Mar. 22, 2018); *Bey v. Greyhound Lines, Inc.*, No. 3:15-CV-1406-M-BH, 2016 WL 6561590, at *1 (N.D. Tex. Feb. 19, 2016) (recommending dismissal pursuant to Federal Rule of Civil Procedure 41(b) where plaintiff failed to return the magistrate judge's questionnaire), *R. & R. adopted by* 2016 WL 6561591 (N.D. Tex. Mar. 9, 2016). Because Ragan has wholly failed to comply with Court orders and has not returned the questionnaire, the district judge should dismiss this case for want of prosecution. *See Manzo-Flores v. Dixon*, No. 5:13–CV–00114–C, 2015 WL 728033, at *1 (N.D. Tex. Feb. 19, 2015) (dismissing a prisoner's civil rights case for want of prosecution when the prisoner failed to timely file an answer to the magistrate judge's questionnaire).

Dismissal is warranted even if the statute of limitations may prevent further litigation of Ragan's claims.[5] *See Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016) (applying a more stringent standard for dismissals that are effectively with prejudice due to the statute of limitations, "where there is a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice" (internal quotation marks and citation omitted)). Ragan not only failed to respond to the questionnaire, but he also continues to email the Court in direct contravention of Court orders and despite express instruction on how to file a document. ECF Nos. 17, 18; *see McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir. 1988) (describing contumaciousness as "the stubborn resistance to authority" (citation omitted)); *Hope v. Patrick*, No. 19-50562, 2023 WL 3739100, at *3 (5th Cir. May 31, 2023) (per curiam) ("When assessing a litigant's contumaciousness, th[e] [Fifth Circuit] has also considered 'whether the facts expose an obstinate disrespect for the judicial process.'" (quoting *McNeal*, 842 F.3d at 792)). Moreover, Ragan has not filed anything in his case for more than one year.[6] *See* ECF No. 11 (dated Dec. 4, 2022). And because he is proceeding pro se, Ragan's "recalcitrance is attributable to [him] alone." *Coleman v. Groom*, No. 3:19-CV-1155-N-BK, 2019 WL 5069065, at *3 (N.D. Tex. Sept. 18, 2019), *R. & R. adopted by* 2019 WL 5068169 (N.D. Tex. Oct. 9, 2019).

Ragan has received three admonishments that his failure to comply may result in dismissal of this action. ECF Nos. 16, 17, 18. Those cautions served as lesser sanctions. *See, e.g.*, *Nottingham*, 837 F.3d at 442 (stating that lesser sanctions may include "explicit warnings" (citation

---

[5] The precise basis of Ragan's claims is unclear, but he references embezzlement of oil and gas royalties. *See* ECF No. 1, at 4. Ragan did not specify the dates on which the alleged unlawful acts occurred, which is one of the reasons the Court issued a questionnaire. Thus, the Court cannot determine if, or when, any limitations period may run.

[6] Ragan's improper email communications are not filings. *See* N.D. TEX. LOC. CIV. R. 5.1. Ragan has also demonstrated a history of noncompliance and delay. More than fourteen months have passed since Ragan filed suit, but the Court has been unable to proceed past preliminary review due to Ragan's failure to comply with Court orders. *See* ECF Nos. 8, 9, 10, 12, 17, 18.

omitted)). This FCR also serves as additional notice, and Ragan will be afforded the opportunity to file objections (as described in Section IV below) and explain why this case should not be dismissed for the reasons explained herein.

In sum, there is a clear record of delay and contumacious conduct such that dismissal is warranted, even if such dismissal is effectively with prejudice due to the statute of limitations. *See Brown v. Werner Holdings Co.*, No. 5-18-CV-00977-FB-RBF, 2019 WL 2515313, at *3 (W.D. Tex. June 18, 2019) (concluding plaintiff's complete failure to prosecute his case over a nine-month time period warranted dismissal), *R. & R. adopted by* 2019 WL 4061690 (W.D. Tex. July 29, 2019); *Mosquera v. Hininger*, No. B-17-7, 2019 WL 1259153, at *4 (S.D. Tex. Feb. 21, 2019) (finding "a clear record of delay" where plaintiff "ha[d] not filed any documents with the [c]ourt in over a year" and "ha[d] not responded to any orders during th[at] time period, including multiple show cause orders"), *R. & R. adopted by* 2019 WL 1261956 (S.D. Tex. Mar. 19, 2019).

### III.  Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that the United States District Judge dismiss Ragan's Complaint without prejudice for want of prosecution in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.

### IV.  Right To Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings,

Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: December 27, 2023.

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE